UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABRAHAM ALEXAN,    )<br>                    )<br>  Plaintiff,       )<br>                    )<br>  v.                )<br>                    )<br>CHICAGO POLICE OFFICER BURKE, )<br>STAR #8447; CHICAGO POLICE    )<br>OFFICER ODEGARD, STAR #13258; )<br>individually and as employee/agents for the )<br>CITY OF CHICAGO, a municipal )<br>Corporation; ROMAN UNIAT; and LISA )<br>WOOD,              )<br>                    )<br>  Defendants.      ) | No. 11 C 05292<br><br>Chief Judge Rubén Castillo |

## MEMORANDUM OPINION AND ORDER

Plaintiff Abraham Alexan[1] filed an action against Chicago Police Officers Burke, Star #8447 ("Burke"), and Odegard, Star #13258, ("Odegard") (collectively, "CPD Officers"), and Roman Uniat and Lisa Wood, alleging false arrest, conspiracy, and failure to investigate in violation of 42 U.S.C. § 1983 ("Section 1983"),[2] and malicious prosecution in violation of Illinois law. (R. 1, Compl.) Plaintiff's counsel filed a motion for voluntary dismissal of the CPD Officers on January 24, 2012, (R. 15, Pl.'s Mot. Dismiss Officers), which the Court granted that day, (R. 17, Min. Entry). On March 1, 2012, Plaintiff's counsel reported to the Court that the

---

[1] Plaintiff's last name appears as Alexan in some pleadings and Alexian in others. The Court will assume this is a scrivener's error and will use the spelling from Plaintiff's complaint in this Opinion.

[2] The complaint specifies the source of law for each count except for Count IV, which alleges that the CPD Officers "had a duty and obligation as sworn officers acting under color of law to conduct an investigation into the complaints of Defendants ROMAN UNIAT and LISA WOOD." (R. 1, Compl. ¶ 34.) The Court assumes due to the substance of Plaintiff's allegations, that he is asserting a failure to investigate claim under Section 1983.

case had been settled, and the Court dismissed the case with prejudice. (R. 18, Min. Entry.) Presently before the Court is Plaintiff's motion to vacate the Court's dismissal of the case pursuant to Federal Rule of Civil Procedure 60(b). (R. 19, Pl.'s Mot.) For the reasons set forth below, the Court denies in part and grants in part Plaintiff's motion.

## BACKGROUND

Plaintiff was the office manager for Andersonville Dental, located at 5206 North Paulina Street in Chicago, Illinois. (R. 1, Compl. ¶ 8.) Uniat and Wood were patients at Andersonville Dental. (*Id.* ¶ 9.) On or about June 8, 2010, Plaintiff asked Uniat to leave the dental office due to Uniat's disruptive behavior and inappropriate language. (*Id.* ¶ 10.) After Uniat left, Wood called the office and threatened to shut the business down and have the employees arrested. (*Id.* ¶ 12.) Later the same day, the CPD Officers arrested Plaintiff at the dental office. (*Id.* ¶ 14.) Plaintiff alleges that he asked the CPD Officers to view the security tapes to prove that no crime had been committed, but the CPD Officers refused to do so. (*Id.* ¶ 15.) Plaintiff alleges that Uniat, Wood, and the CPD Officers conspired to intimidate, embarrass, and humiliate Plaintiff by arresting him and falsely charging him. (*Id.* ¶ 13.)

Plaintiff filed his complaint on August 4, 2011. (*Id.*) The CPD Officers filed their answer on November 11, 2011. (R. 11, CPD Officers' Answer.) Uniat and Wood have not entered appearances or responded in any manner to the complaint. Plaintiff's counsel at the time, Jeffrey Neslund, began to lose confidence in the merit of Plaintiff's claims against the CPD Officers after taking Plaintiff's deposition, receiving discovery documents from the Chicago Police Department, interviewing Uniat, and researching applicable case law. (R. 42, Neslund Dep. Tr. at 15:13-16:21, 18:1-10, 21:13-22:10.) Neslund therefore moved to voluntarily dismiss the CPD Officers from the lawsuit with prejudice on January 24, 2012, (R. 15, Pl.'s Mot.

2

Dismiss Officers), which the Court granted, (R. 17, Min. Entry). The Court scheduled a settlement conference for March 1, 2012, but the conference was canceled after Neslund reported to the Court that the case had settled. (R. 18, Min. Entry.) Accordingly, the Court dismissed the case with prejudice on March 1, 2012. (*Id.*)

Neslund subsequently withdrew from the case as Plaintiff's attorney, (R. 25, Min. Entry), and Plaintiff retained new counsel, (R. 19-1, Ex. 1, Alexan Aff. ¶ 4). Plaintiff alleges that he was unaware that Neslund had settled the case or dismissed any Defendants and that he never authorized such actions. (*Id.* ¶¶ 6-7.) Plaintiff further alleges that he was unaware that the Court dismissed the case until his current counsel notified him on or about March 21, 2012. (*Id.* ¶ 8.) Plaintiff filed his motion to vacate the Court's dismissal of his case on March 30, 2012. (R. 19, Pl.'s Mot.) The CPD Officers filed their response on April 9, 2012. (R. 24, CPD Officers' Resp.) Plaintiff replied on May 1, 2012. (R. 26, Pl.'s Reply.) On May 15, 2012, the CPD Officers filed a sur-reply. (R. 30, CPD Officers' Sur-reply.) On March 5, 2013, the Court ordered an evidentiary hearing to determine the full extent of Neslund's authority to settle Plaintiff's suit, (R. 31, Min. Entry), which was held on April 29, 2013, (R. 35, Min. Entry). Counsel for both Plaintiff and the CPD Officers subsequently deposed Neslund on May 22, 2013. (R. 42, Neslund Dep. Tr.) Plaintiff filed a brief in further support of his motion to vacate on June 14, 2013. (R. 41, Pl.'s Br.)

## LEGAL STANDARD

Rule 60(b)(1) permits relief for judgment on grounds of mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Rule 60(b)(1) encompasses mistakes by judicial officers as well as litigants. *Brandon v. Chi. Bd. of Educ.*, 143 F.3d 293, 295 (7th Cir. 1998) (citing *Wesco Prods. Co. v. Alloy Auto. Co.*, 880 F.2d 981, 984-85 (7th Cir. 1989)). "Rule 60(b)

relief is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005)). The remedy is appropriate where "the [c]ourt has patently misunderstood the party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E. D. Va. 1983)). Once a proper showing of mistake, inadvertence, surprise or excusable neglect has been made by the movant, however, Rule 60(b) is to be liberally interpreted in favor of setting aside judgments. *Smith v. Widman Trucking & Excavating, Inc.*, 627 F.2d 792, 795 (7th Cir. 1980). The Seventh Circuit has "characterized the district court's considerable latitude in making its decision [on a Rule 60(b) motion] as 'discretion piled on discretion.'" *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) (quoting *Swaim v. Moltan Co.*, 73 F.3d 711, 722 (7th Cir. 1996)).

## ANALYSIS

Plaintiff argues that Neslund lacked the authority to dismiss the CPD Officers and therefore the Court should vacate its January 24, 2012 Order. (R. 19, Pl.'s Mot. ¶ 2.) In addition, Plaintiff argues that the Court's dismissal of its suit was due to a miscommunication and thus constitutes a "mistake" under Rule 60(b)(1). (R. 19, Pl.'s Mot. ¶ 4.) The Court addresses each argument in turn.

I. **Whether the Court may vacate its order to dismiss the CPD Officers**

Plaintiff argues that Neslund lacked the authority to dismiss the CPD Officers because Plaintiff never consented to the Officer's dismissal from the case. (R. 19, Pl.'s Mot. ¶ 2.) The

CPD Officers argue that Plaintiff has failed to offer any proof, other than his own affidavit, that Neslund lacked authority to dismiss the CPD Officers. (R. 24, CPD Officers' Resp. at 3.)

A litigant's attorney of record is presumed to have authority to compromise and settle litigation; however, "a judgment entered upon an agreement by the attorney may be set aside on affirmative proof that the attorney had no right to consent to its entry." *Bradford Exch. v. Trein's Exch.*, 600 F.2d 99, 102 (7th Cir. 1979) (citing *United States v. Beebe*, 180 U.S. 343 (1901); *Thomas v. Colo. Trust Deed Funds, Inc.*, 366 F.2d 136 (10th Cir. 1966); *In re Gsand*, 153 F.2d 1001 (3rd Cir. 1946)). Once the court affords the movant an opportunity to present affirmative proof at a hearing, "the movant bears a heavy burden of showing that counsel lacked authority to enter into the judgment." *Smith v. City of Chi.*, 221 F.3d 1339, at *2 (7th Cir. 2000) (unpublished); *see also U.S. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 986 F.2d 15, 20 (2d. Cir. 1993) ("[t]he burden of proving that an attorney entered into a settlement agreement without authority is not insubstantial"); *Greater Kan. City Laborers Pension Fund v. Paramount Indus., Inc.*, 829 F.2d 644, 646 (8th Cir. 1987); *Sur. Ins. Co. of Cal. v. Williams*, 729 F.2d 581, 583 (8th Cir. 1984).

The Court conducted an evidentiary hearing, in part, to inquire into Neslund's authority to dismiss parties and claims. (R. 35, Min. Entry.) Neslund attested that prior to moving to dismiss the CPD Officers, he discussed the matter with Plaintiff. (R. 42, Neslund Tr. at 18:3-10, 34:12-17.) Plaintiff alleges, however, that Neslund never discussed dismissing the CPD Officers with him, and, therefore, Neslund lacked the authority to dismiss them. (R. 41, Pl.'s Br. at 4-5.) Unfortunately, the only evidence Plaintiff has adduced to support his assertion is his own affidavit and testimony during the evidentiary hearing. "[Movants] may not rely on their conclusory affidavit, but must establish through competent evidence that their attorney lacked

5

actual, implied, or apparent authority to stipulate to an entry of judgment." *Smith*, 221 F.3d 1339, at *2 (quoting *Williams*, 729 F.2d at 583). Plaintiff's evidence is wholly inadequate to meet the "heavy burden" of demonstrating that Neslund lacked authority to dismiss the CPD Officers. *See id.* The Seventh Circuit has affirmed the grant of a Rule 60(b) motion for relief from a judgment to which the attorney's counsel lacked authorization to consent to when the lack of authorization resulted from a misunderstanding or miscommunication between client and attorney, *see, e.g., Bradford*, 600 F.2d at 102, and between two attorneys representing a single client, *see, e.g., Widman Trucking & Excavating*, 627 F.2d at 796-97. In each of those cases, the movants offered uncontroverted, affirmative proof detailing the nature of the miscommunication. *Bradford*, 600 F.2d at 102; *Widman Trucking & Excavating*, 627 F.2d at 797.

The instant case is similar to *Smith v. City of Chicago*, where the movant failed to produce evidence other than his own assertion that his counsel was mistaken about his authority to dismiss the case. *Smith*, 221 F.3d 1339, at *2. In *Smith*, the Seventh Circuit affirmed the trial court's decision not to credit the movant's testimony and its denial of the movant's Rule 60(b) motion. *Id.* at *3. Plaintiff in this case has produced no evidence other than his own affidavit that he did not grant Neslund the authority to dismiss the CPD Officers. The evidence Plaintiff offers is far from the affirmative proof required by the Seventh Circuit. Thus, the Court concludes that Plaintiff has failed to produce sufficient evidence to rebut the presumption that Neslund had authority to consent to an entry of judgment.

Seeking to avoid this result, Plaintiff argues that the contingency fee agreement ("the agreement") that delineated the terms of employment between Neslund and Plaintiff does not delegate authority to Neslund to dismiss the CPD Officers. (R. 41, Pl.'s Br. at 5.) Neslund

attested that while he believed the agreement provided him authority to dismiss the CPD Officers, it does not explicitly do so. (R. 42, Neslund Dep. Tr. at 10:3-10, 22:18-23:7.)

Because Plaintiff's argument turns on the interpretation of the agreement, the Court looks to Illinois contract law for guidance. *In re Solis*, 610 F.3d 969, 972 (7th Cir. 2010). A court's main objective in construing a contract is to give effect to the intent of the parties. *Vill. of S. Elgin v. Waste Mgmt. of Ill., Inc.*, 810 N.E.2d 658, 670 (Ill. App. Ct. 2d Dist. 2004). Courts must interpret the words of the contract according to their plain and ordinary meanings and construe the words of a contract within the context of the contract as a whole. *Gallagher v. Lenart*, 874 N.E.2d 43, 58 (Ill. 2007). When a contract is "clear and explicit, a court must enforce the agreement as written." *Rakowski v. Lucente*, 472 N.E.2d 791, 794 (Ill. 1984). Conversely, a contract may be ambiguous "due to the indefiniteness of the language, or due to it having a double or multiple meaning." *William Blair & Co., LLC v. FI Liquidation Corp.*, 830 N.E.2d 760, 769 (Ill. App. Ct. 1st Dist. 2005) (citing *Zurich Midwest, Inc. v. St. Paul Fire & Marine Ins. Co.*, 513 N.E.2d 59, 60 (Ill. App. Ct. 1st Dist. 1987)). Whether or not ambiguity exists within a contract is a question of law. *Gallagher*, 874 N.E.2d at 58.

The agreement at issue here is silent as to Neslund's authority to dismiss parties and make other tactical decisions. (R. 42, Ex. 4, Agreement.) Neslund cited two provisions, paragraphs 1 and 4 of the agreement, that he believed provided him with discretion to dismiss the CPD Officers. (R. 42, Neslund Dep. Tr. at 10:3-10, 22:18-23:7.) The Court finds no support for Neslund's authority in paragraph 4, which states: "[Plaintiff] further understands that if [he] go[es] to trial on [his] civil rights claims and loose[s] [sic], [he] may personally be liable to the City of Chicago for the costs incurred during the litigation." (R. 42, Ex. 4, Agreement ¶ 4.) This provision does not address Neslund's authority to conduct the litigation.

7

Paragraph 1, however, is unambiguous. It states that the Plaintiff "hereby employ[s] the Law Offices of Jeffrey J. Neslund as [his] attorney to prosecute and/or settle all claims that he may have" against the CPD Officers, Uniat, and any other individuals responsible for the violation of his civil rights on or about June 8, 2010. (*Id.* ¶ 1.) Lacking any Illinois case law on point, the Court turns to *Black's Law Dictionary*. *See Gallagher*, 874 N.E.2d at 58 (courts should give contract language "its plain and ordinary meaning" as the best indication of parties' intent). The Court notes at the outset that the agreement is sparse and does not provide the Court with a great deal of material by which to determine the parties' intent. From the language in Paragraph 1, "employ" is defined as "[t]o hire" or "[t]o commission and entrust with the performance of certain acts or functions or with management of one's affairs." *Black's Law Dictionary* 564 (8th ed. 2004). In addition, "prosecute" means "[t]o commence and carry out a legal action." *Id.* at 1258. While the term "settle" is not found in *Black's Law Dictionary*, *Merriam-Webster's Online Dictionary* defines the term as "to conclude (a lawsuit) by agreement between parties usually out of court" or "to make or arrange for final disposition of." *Settle Definition*, MERRIAM-WEBSTER DICTIONARY, http://www.merriam-webster.com/dictionary/settle (last visited July 23, 2014). The Court concludes that the broad, plain language of paragraph 1 gave Neslund complete authority to use his professional judgment as a lawyer to "prosecute and/or settle" Plaintiff's claims. This delegated discretion included the ability to narrow the claims to strategically advance the goals of the lawsuit in accord with Neslund's professional judgment.

Plaintiff does not and cannot argue that the agreement serves as "affirmative proof" of Neslund's lack of authority. Therefore, Plaintiff falls far short of the "affirmative proof" required by the Seventh Circuit to rebut the presumption that Neslund possessed the requisite

authority. *See Bradford*, 600 F.2d at 102. Accordingly, the Court declines to vacate its January 24, 2012 Order and finds that the CPD Officers were properly dismissed from the suit. As a result of this finding, the Court also dismisses Plaintiff's Section 1983 claims for false arrest and failure to investigate. These claims were brought solely against the CPD Officers, and therefore the Court no longer has any basis to consider them.

## II. Whether the Court may vacate its order to dismiss the suit

Plaintiff argues that the Court's dismissal of its suit pursuant to its March 1, 2012 Order was due to a miscommunication and thus constitutes a "mistake" under Rule 60(b)(1). (R. 19, Pl.'s Mot. ¶ 4.) CPD Officers do not object to the Court reinstating the suit, provided that the officers remain dismissed from the suit. (R. 24, CPD Officers' Resp. at 2.) Rule 60(b)(1) permits a court to correct judicial clerical errors and those of oversight or omission. *Klingman v. Levinson*, 877 F.2d 1357, 1361 (7th Cir. 1989).

In the instant case, Neslund attested that no settlement agreement was ever in place by the parties, and neither he nor anyone from his law practice notified the Court that the case had been settled. (R. 42, Neslund Tr. at 29:8-30:13.) Neslund does not purport to have received any authority to settle or dismiss the case, and has no explanation for how the existence of the alleged settlement agreement was ever communicated to this Court. Therefore, the Court's dismissal of the case is either the result of Neslund's negligence or an error by the Court, or both. Because this miscommunication occurred more than two years ago, the Court cannot say definitively which it is. In either case, the Court finds that it would be unduly harsh to hold Plaintiff responsible for the miscommunication and resulting court error. In *Brandon v. Chicago Board of Education*, the court was confronted by a similar set of facts and found that Rule 60(b)(1) applied where an error by the Clerk of Court's Office and attorney neglect resulted in a dismissal

of the plaintiff's case. 143 F.3d at 295-96. It is also clear from the record that Plaintiff acted diligently once he discovered that his case had been dismissed and that until his attorney apprised him of the dismissal, he was unaware of Neslund's neglect and miscommunication to the Court. (R. 26, Pl.'s Reply at 5; R. 19-1, Alexan Aff. ¶¶ 7-8.) Accordingly, the Court finds that a mistake occurred in its dismissal of Plaintiff's case and hereby vacates its March 1, 2012 Order.

### III. Whether the Court retains jurisdiction over Plaintiff's case

Because the Court upheld the dismissal of the CPD Officers, Plaintiff's remaining claims of conspiracy under Section 1983 and malicious prosecution under state law are all that remain for the Court to consider. Although Uniat and Wood have not answered or otherwise participated in this lawsuit, and thus do not dispute the Court's jurisdiction, the Court has an independent obligation to "police the constitutional and statutory limitations on their jurisdiction." *Joyce v. Joyce*, 975 F.2d 379, 386 (7th Cir. 1992) (quoting *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986)). Accordingly, the Court must analyze whether Plaintiff's remaining claims are properly before the Court. The Court first considers whether the Court has jurisdiction over Plaintiff's Section 1983 conspiracy claim.

There are two circumstances in which a private citizen can be held liable under Section 1983: (1) when the citizen conspires with a state actor to deprive the plaintiff of his constitutional rights; and, (2) when the citizen becomes a public officer *pro tem*. *Proffitt v. Ridgway*, 279 F.3d 503, 507 (7th Cir. 2002). The second situation is relevant, for example, when police deputize private citizens in an emergency situation to aid them in enforcing the law. *Id.* at 507-08. This scenario is not at issue in this case. Plaintiff does, however, allege the first scenario: that Wood and Uniat conspired with the CPD Officers to deprive him of his civil rights in Count III. (R. 1,

Compl. ¶¶ 29-32.) Under Section 1983, private citizens are liable "for the wrongful acts of the other conspirators committed within the scope of the conspiracy." *Proffitt*, 279 F.3d at 507. Therefore, Plaintiff's Section 1983 claim against Uniat and Wood does not clearly require dismissal, and the Court retains federal question jurisdiction over the claim alleged in Count III. *See* 28 U.S.C. § 1331. By retaining jurisdiction over Count III, the Court makes no pronouncement as to the merits of Plaintiff's claim or its likelihood to survive a motion to dismiss, should Uniat and Wood decide to bring one; rather the Court is adhering to its "duty to decide all cases within [its] jurisdiction that are brought before [it]." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). In addition, because the state law claim alleged in Count II arises from the same case or controversy as Count III, and in consideration of fairness and convenience to the Plaintiff, the Court retains supplemental jurisdiction over Count II pursuant to 28 U.S.C. § 1367(a). *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). Accordingly, the Court retains jurisdiction over Counts II and III.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion to vacate its dismissal of his case. The Court will vacate its March 1, 2012 Order, (R. 18, Min. Entry), but declines to vacate its January 24, 2012 Order, (R. 17, Min. Entry). The Court also dismisses Counts I and IV from the complaint. The parties should attempt to immediately exhaust all remaining settlement possibilities for this delayed dispute. The Court will once again attempt to hold a settlement conference in chambers on August 29, 2014 at 1:00 p.m. if the parties are unable to resolve the remaining aspects of this case on their own.

11

ENTERED: _____
Chief Judge Rubén Castillo
United States District Court

Dated: August 4, 2014